IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MATTHEW DAVID MILLER                                            PLAINTIFF

v.                      Civil No. 05-6057

OFFICER WILLIS, Jailer; OFFICER
HALPIN, Jailer; OFFICER McKINNEY;
OFFICER DODGE, Jailer; LT.
McMURRIAN; SGT.ANSLY;
ZACK RUSSELL, Inmate;
and DAMOND THOMPSON, Inmate                          DEFENDANTS

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Matthew David Miller, an inmate in the Garland County Detention Center (GCDC), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed in forma pauperis (IFP) and it is now determined whether it should be served upon the defendants.

On August 29, 2005, an order was entered directing the plaintiff to complete, sign, and return an attached questionnaire that would be filed as an addendum to his complaint (Doc. 7). The addendum was filed on September 9, 2005 (Doc. 8).

### **I. Background**

Miller was booked into the GCDC on March 28, 2005. *Addendum* at ¶ 1. He is serving a five year sentence. *Id.* at ¶ 2.

On June 7, 2005, Miller's cell-mate, Zack Russell, flooded the their cell. The flood occurred at about 3:30 p.m. *Id.* at ¶ 3(A). After the flooding, Miller alleges every cell in pod 1B

-1-

was cleaned up except for the cell he was in. Miller states they were never given a chance to clean their cell although every other inmate had all the water cleaned out of their cells by trustees. *Id.*

Miller fell jumping from the top bunk at about 6:00 p.m. *Id.* at ¶ 3(B). He slipped on the water in the cell. *Id.* Miller maintains Russell was responsible for subjecting Miller to an unsafe living environment. *Id.* at ¶ 5.

He requested medical attention at about 6:10 p.m. and was transported to the hospital at about 7:00 p.m. *Id.* At the hospital, x-rays were taken and he was given pain pills. *Id.* The x-rays revealed nothing was broken but Miller states his back was hurting. *Id.* & ¶ 3(C).

Miller was told he should return if his back continued hurting. *Id.* at ¶ 3(C). However, Miller states he was not allowed to go back to the hospital.

Although the GCDC has a jail nurse, Don Wharton, Miller does not contend the nurse was deliberately indifferent to his serious medical needs. *Id.* at ¶ 4(A) & ¶ 4(B).

Miller alleges Officer Willis treated him unfairly by not letting him clean up the water in his cell following the flood. *Id.* at ¶ 7. He also alleges that Willis retaliated against him for preparing to file this civil rights complaint. *Id.* Specifically, Miller states that Willis said he would kill Miller before he went to court on this lawsuit. *Id.*

With respect to Officer Halpin, Miller alleges Halpin was the senior officer. Miller indicates Halpin was helping Willis clean up the pod and knew that leaving Miller and Russell sit in a cell full of water was "wrong" and amounted to "negligence towards inmates." *Id.* at ¶ 8. Miller believes Halpin should have taken matters into his own hands and let them clean up their cell.

AO72A
(Rev. 8/82)

With respect to Sgt. Ansly, Miller alleges he informed McKinney to tell Miller that he had run out of resources and could get no medical help. Miller asserts that Ansly was in charge of medical care during the night shift when no nurse was on duty. *Id.* at ¶ 10.

With respect to Lt. McMurrian, Miller contends she put him in an observation cell so he could be observed by camera. *Id.* at ¶ 12. However, he maintains she failed to notify the officers to keep an eye on him for medical reasons. *Id.* If he was being observed for medical reasons, Miller questions why no officer saw him on the floor. *Id.*

## II. Discussion

A number of Miller's claims are subject to dismissal. First, Miller's claims against Zack Russell, the inmate who flooded the cell, and Damond Thompson, an inmate described as a witness to the events, are subject to dismissal. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588 (8th Cir. 2004). A private individual does not act under color of law. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999).

Second, Miller makes no argument that Officer McKinney or Officer Dodge violated his constitutional rights. *Addendum* at ¶ 9 & ¶ 11. These individuals are therefore subject to dismissal.

Third, Miller's claims against Officer Halpin and Lt. McMurrian are subject to dismissal. A claim of deprivation of a constitutional right cannot be based on a respondeat superior theory

AO72A
(Rev. 8/82)

of liability. *See Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978). In other words, Officer Halpin and Lt. McMurrian cannot be held liable merely because they are senior officers or occupy some supervisory position over the staff directly involved in the alleged unconstitutional acts. Moreover, a section 1983 action cannot be premised on negligent conduct. *See e.g., Williams v. Kelso,* 201 F.3d 1060, 1065 (8th Cir.2000) (to establish claim of deliberate indifference to substantial risk of serious harm, plaintiff must show more than negligence); *Tlamka v. Serrell,* 244 F.3d 628, 635 (8th Cir.2001) (supervisor liability arises only if supervisor directly participates in constitutional violation, or failure to train causes constitutional deprivation).

### III. Conclusion

I therefore recommend that Miller's claims against Zack Russell, Damond Thompson, Officer McKinney, Officer Dodge, Officer Halpin, and Lt. McMurrian be dismissed on the grounds that the claims are frivolous and fail to state claims. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time). However, we note that service of the complaint on Officer Willis and Sgt. Ansly will be directed by separate order.

**Miller has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Miller is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of September 2005.

                                                        /s/ Bobby E. Shepherd
                                                        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)